**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Manuel ANTELE–XOLO, aka Manuel Antece Xolo, aka Manuel Antece-Xolo, Defendant–Appellant.**

No. 01–50363.
D.C. No. CR–99–00934–RMT–1.

United States Court of Appeals,
Ninth Circuit.

July 22, 2002.*

Decided July 31, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

## MEMORANDUM**

Manuel Antele–Xolo appeals his guilty-plea conviction and 57–month sentence for reentry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Antele–Xolo contends that his conviction should be reversed because he was incorrectly advised during his change of plea hearing that the maximum possible penalty was 10 years instead of 20 years. In the absence of a contemporaneous objection, our review is limited to plain error. *See United States v. Vonn,* — U.S. —, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). We find none.

Antele–Xolo's sentence is no greater than what he believed he could receive, and therefore the misstatement did not affect his substantial rights. *See United States v. Alber,* 56 F.3d 1106, 1109–10 (9th Cir.1995) (concluding under harmless error analysis that defendant's substantial rights were not affected because he knew before pleading guilty that he could be sentenced to a term as long as the one he eventually received); *United States v. Jordan,* 291 F.3d 1091, 1095–96 (9th Cir.2002) (noting similarity of substantial rights analysis under plain error and harmless error analysis).

**AFFIRMED.**

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.